UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In re:

    Anthony J. Harris,                                    Case No:     10-54233-wsd
                                                                           Ch. 7

    Debtor.

_____/

JP Morgan Chase, N.A.,

    Plaintiff,
v.                                                            Adv. Pro. No. 10-06706-wsd

Anthony J. Harris,

    Defendant.

_____/

## Opinion Granting Defendant's Motion to Dismiss

Before the Court is the Defendant's motion to dismiss the Plaintiff's two count complaint, which seeks a non-dischargeability of debt determination under 11 U.S.C. §§ 523(a)(2)(B) and 523(a)(6). The Defendant seeks dismissal of the Plaintiff's complaint on the grounds that it was not timely filed. The parties' agreed to extend the original deadline to file such a complaint from August 23, 2010 to September 13, 2010. The filing date of the Plaintiff's complaint is September 14, 2010. In opposing the Defendant's motion, the Plaintiff requests that the Court exercise its powers under 11 U.S.C. § 105(a) to equitably toll the late filing of its complaint.

This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(I). This Court has subject matter jurisdiction over this proceeding under 28 U.S.C. §§ 1334(a), 157(a), and 157(b)(1) and E. D. Mich. LR 83.50(a).

For the reasons explained in this opinion, the Court will grant the Defendant's dismissal motion because the Plaintiff failed to meet its burden of establishing that the untimely filing of its complaint, even by one day, should be excused based on equitable tolling principles.

## Background

On April 29, 2010, Anthony J. Harris ("Defendant") filed a Chapter 7 petition (case no. 10-54233). The 341 meeting of creditors (notice of which was sent to Plaintiff) was set for and held on June 23, 2010. The deadline to file a non-dischargeability of debt complaint was August 23, 2010. Defendant and Creditor, Chase Auto Finance, filed a stipulation and proposed order to extend that deadline to September 13, 2010 and the Court entered that order on July 26, 2010.

On Tuesday, September 14, 2010, JP Morgan Chase, N.A. (the "Plaintiff") filed a two count non-dischargeability of debt complaint against the Defendant under 11 U.S.C. §§ 523(a)(2)(B) and 523(a)(6). In lieu of an answer, on October 28, 2010, the Defendant filed a motion to dismiss pursuant to Fed. R. Bankr. P. 7012(b) and Fed. R. Bankr. P. 4007(c). The Plaintiff responded and the Court held a hearing on the motion. During the hearing, several factual questions arose, as a result of which, the Court took testimony from Plaintiff's counsel, Mr. Rosenthal and Defendant's counsel, Mr. Herdt.

Both Mr. Rosenthal and Mr. Herdt agreed that the Plaintiff appeared at and participated in the 341 hearing and a subsequent Rule 2004 exam conducted by the Chapter 7 Trustee at his office. They further agreed that, at the conclusion of the Rule 2004 exam, they reached an agreement to extend the original non-dischargeability of debt deadline to the said September date, explaining they wanted to attempt to resolve their dispute without the need to file an adversary proceeding. They further agreed that approximately 7 to 10 days from the looming September deadline, they encountered one another in the lobby of the bankruptcy court building. They disagree as to what took place at that time.

Mr. Rosenthal represented that he inquired of Mr. Herdt about the need to obtain a further extension of time to file an adversary complaint. He further explained that while they did not have an agreement about another specific deadline date, he recalled Mr. Herdt's acknowledgment that another extension would be required. Mr. Rosenthal further represented that with no agreement having been made or further contact initiated by him, he filed the complaint against the Defendant, but admittedly one day late. Mr. Rosenthal explained that the previously stipulated deadline date of September 13, 2010 was not properly listed in his calendar. Mr. Rosenthal further explained that he did not realize the mistake existed until after

2

checking the docket once the complaint had been filed. He also represented that he then contacted Mr. Herdt in the hopes that he would remember their prior conversation, and that Mr. Herdt, after speaking with his client, informed him that he would be seeking the dismissal of the Plaintiff's complaint on timeliness grounds. On questioning by Mr. Herdt, Mr. Rosenthal also admitted that he prepared the previous stipulation and order extending the deadline and that he could not recall them discussing which one of them would have prepared a second stipulation and order to further extend the deadline if an agreement to do so had been made.

Mr. Herdt explained that he did not recall that their discussion included any specific details about another extension. He further explained that (1) he remembered their encounter lasting up to two minutes and consisted of "a need to do something" because "the deadline was approaching;" (2) nothing was agreed to; and (3) Mr. Rosenthal needed to let him know what he wanted to do. Mr. Herdt further stated that according to him "all options were on the table." Mr. Herdt explained that he informed his client that the September 13, 2010, deadline had passed and that the Plaintiff had not filed its complaint. Mr. Herdt further stated that he received Mr. Rosenthal's phone call after his conversation with his client. When questioned by Mr. Rosenthal, Mr. Herdt did agree that his impression, at the time of their exchange, was that Plaintiff's counsel intended to pursue its client's claim against the Defendant.

The issues were briefed post-hearing and this is the Court's opinion.

## Discussion

The Sixth Circuit Court of Appeals has held that Rule 4007(c) "is a statute of limitation —or simply a deadline—that is generally subject to the defenses of waiver, estoppel, and equitable tolling." *Nardei v. Maughan* (*In re Maughan*), 340 F.3d 337, 344 (6th Cir. 2003). As recognized by the parties, in the Sixth Circuit courts are to consider the following factors when considering equitable tolling claims: "(1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement." *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988). These factors "are not necessarily comprehensive or always relevant; ultimately every court must consider an equitable tolling claim on a case-by-case basis." *King v. Bell*, 378 F.3d 550, 553 (6th Cir. 2004). The party seeking equitable tolling bears the burden of proving he is entitled to it. *Griffin v. Rogers*,

3

308 F.3d 647, 653 (6th Cir. 2002).

The Defendant argues that the tardy filing of Plaintiff's complaint is due to a mistake on its part and not traceable to any misconduct or other actions by him. In support of that position, Defendant relies on the following unpublished decisions by other judges of this court: *Laser v. Height* (*In re Height*), Adv. Pro. No. 10-6125 (Bankr. E.D. Mich. October 26, 2010) and *Pierson v. Sherwin* (*In re Sherwin*), Adv. Pro. No. 10-6481 (Bankr. E.D. Mich. November 1, 2010).

The Plaintiff admits the tardy filing of its complaint but contends that fact does not justify its dismissal. Plaintiff argues that a one day tardiness justifies equitable tolling because (1) throughout Defendant's bankruptcy case it diligently pursued its rights and (2) Defendant will not suffer any prejudice by allowing the Plaintiff to proceed on its complaint.

In this case, like *Maughan*, notice is not at issue, as Plaintiff admits that it had actual or constructive notice of the parties' agreed upon extension deadline. Thus, the Court's inquiry is limited to (a) the third factor – a party's diligence in pursuing its rights and (b) the fourth factor – absence of prejudice to the defendant. *See In re Maughan*, 340 F.3d at 344 (explaining that when a party raising an equitable tolling claim does not assert lack of notice or knowledge about the applicable deadline, a court's "'inquiry must focus on the diligence used by the plaintiff in pursuing its rights and the resulting prejudice, if any, to the defendant.'") (other citations omitted)

As to the third factor, the Plaintiff points out its diligence throughout the pendency of the Defendant's bankruptcy case i.e., (1) attendance at the 341 hearing to question the Defendant; (2) appearance at and participation in the Rule 2004(a) exam conducted at the Chapter 7 trustee's office in August 2010; (3) agreement with the Defendant not to immediately commence a non-dischargeability of debt determination action and to instead engage in negotiations with the Defendant to reach a resolution; (4) stipulated agreement with Defendant's counsel to extend the non-dischargeability deadline date; and (5) a brief meeting and discussion with Mr. Herdt about the need to obtain another extension of the time to file a complaint against the Defendant. These facts are indicative of the Plaintiff's active involvement in the Defendant's bankruptcy case and of its negotiations with the Defendant to resolve its claim. One might argue that this kind of diligence works against the Plaintiff because it affords less of an excuse for missing an important deadline by reason of a necessarily resulting and heightened awareness of what is going on in a

4

case and particularly of a filing deadline.  Equally arguable is that except for missing the deadline itself, there was no other neglect or dilatory activity on the part of the Plaintiff or its counsel (i.e., they were paying attention to the case all along).

This brings us to the indicated pre-deadline discussion.  The subject of their brief encounter pertained to the looming deadline and the Plaintiff's request to seek a second extension to file its complaint against the Defendant.  It is apparent to the Court that the outcome of their meeting was not a mutual agreement on a further second extension and indeed no such agreement is alleged.  The conclusion to be drawn from the discussion is that Mr. Rosenthal was either going to timely file the proceeding, or if not, timely get back to Mr. Herdt with a request and stipulation for an extension of time to do so.

To obtain the necessary extension, however, it was incumbent upon the Plaintiff to act.  As the circumstances in this proceeding indicate, the Plaintiff had at least 7 and up to 10 days to take such action.  If the Plaintiff had promptly acted following the parties' meeting, the Plaintiff could have timely obtained from the Defendant another extension, which according to Mr. Rosenthal's testimony he believed Mr. Herdt acknowledged was possible.  Then, as the Plaintiff had previously done when it obtained the initial extension, the Plaintiff could have prepared and submitted a stipulation and an order to the Defendant for his review and signature, which the Plaintiff could then have timely filed with the Court.  Even if the parties were in the process of agreeing to another extension of the bar date under 4007(c), the Plaintiff could have also preserved its rights by easily filing a motion to obtain another extension.  In addition, the Plaintiff had every opportunity to file its non-dischargeability of debt complaint even though the parties were engaged in negotiations to resolve their dispute.  There is nothing in record to indicate that an obstacle existed to prevent the Plaintiff from doing so.

Plaintiff's counsel undisputedly knew of an upcoming time-sensitive filing deadline to preserve its client's non-dischargeability claim. A prudent course of conduct would have been to verify the actual deadline date.  The obligations of reasonable and due diligence required Plaintiff's counsel to promptly obtain another extension, immediately file the necessary complaint, or ask this Court for another extension of the procedural deadline under Rule 4007(c).

Furthermore, Plaintiff's failure to meet the actual deadline due to its counsel's mistake to properly note the agreed upon extension date of September 13, 2010,  in his calendar cannot be

5

excused. *See Holland v. Florida*, - - - U.S. - - -, 130 S.Ct. 2549, 2564 (2010) (affirming a long-standing principle of equitable tolling that "'a garden variety claim of excusable neglect' . . . such as simple 'miscalculation' that leads a lawyer to miss a filing deadline, . . . does not warrant equitable tolling'"). A recent Sixth Circuit case reviewed the holding in the *Holland* case, supra, at some length in the course of an opinion remanding a habeas corpus case for a factual determination as to whether there existed the required "extraordinary circumstances" mandated by *Holland* to invoke equitable tolling. *See Robertson v. Simpson*, 624 F.3d 781 (6th Cir. 2010). Among other things, the Sixth Circuit saw *Holland* as holding that "egregious cases involving an attorney's failure to satisfy professional standards of care may constitute extraordinary circumstances", referring to *Holland*, 130 S.Ct. at 2562-63, but noting that attorney incompetence due to illness or incapacity or circumstances amounting to abandonment of, or an ethical conflict with, a client's interest might be the kind of circumstances that might satisfy the standard. *Id*. at 784-85.

Here we have an acute and present awareness of the deadline, a discussion about the possibility of needing to either extend it or timely file the complaint. In its supplemental brief, the Plaintiff vaguely alludes to some type of misconduct by the Defendant to justify the equitable tolling of its untimely complaint. There are no facts in the record, nor even any prior allegations about any acts of Defendant amounting to non-compliance, trickery, hindrance, or delay in his dealings with the Plaintiff. It is undisputed that the Defendant attended the 341 hearing and a Rule 2004 exam. There is no dispute that the Defendant answered questions posed to him by the Plaintiff and made certain admissions during his discussions with the Plaintiff. Along the same lines of such accommodating conduct, the Defendant granted the Plaintiff an extension to commence a proceeding against him. Thus, it cannot be fairly said that there might be an ameliorating circumstance arising from something opposing counsel might have said or done or failed to do that could be construed as having misled Plaintiff's counsel or caused the delay or a mistaken belief as to what the deadline actually was. In the context of the "extraordinary" or "egregious" yardsticks laid down by the courts, what happened in this case is much closer to what is an instance of the "garden variety claim of excusable neglect" that has been held not to be a basis for equitable tolling. The failure to get back to Mr. Herdt and the actual filing of the complaint against the Defendant indicate that Plaintiff did not intend to seek an extension and

that he intended to timely file. He just made a mistake as to the filing deadline date. We simply have not yet come to the point that neglect, or excusable neglect, will carry the equitable tolling day. Given particularly the one day tardiness, this would appear to be a harsh result. Unfortunately, however, as noted that is not the standard this Court is required to apply.

In reaching its decision the Court did review and consider the following cases relied on by the Plaintiff: *Nicholson v. Isaacman* (*In re Isaacman*), 26 F.3d 629 (6th Cir. 1994) and *Nardei v. Maughan* (*In re Maughan*), 340 F.3d 337 (6th Cir. 2003). The Court concludes that *In re Isaacman* and *In re Maughan*, however, are distinguishable from the circumstances in this proceeding. In both *Isaacman* and *Maughan*, the use of the bankruptcy courts equitable powers under § 105(a) were considered to be appropriate because the errors or mistakes that occurred were due to circumstances and conduct unrelated to the party seeking equitable relief. The reasoning in these cases is consistent with other decisions in the Sixth Circuit on the use of the doctrine of equitable tolling "to allow[] federal courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)).

In line with this reasoning, in *Isaacman*, the Sixth Circuit addressed whether a bankuptcy court could rely on its equitable powers to correct an error committed by the clerk's office of the bankruptcy court that was reasonably relied upon by the plaintiff. *In re Isaacman*, 26 F.3d 629 (6th Cir. 1994). The error consisted of the issuance of two different notices about the deadlines for the filing of complaints to determine the dischargeability of a debt. *Id*. at 630. The plaintiff relied on an oral representation by a court clerk that the second notice established a new bar date under Rule 4007(c) and timely filed his non-dischargeability of debt complaint based on such date. *Id*. at 631. The Sixth Circuit held that

> if the bankruptcy court erroneously sets a second bar date for the filing of complaints to determine the dischargeability of a debt and if a creditor, reasonably relying on that second date, files a complaint before the expiration of the second bar date, the bankruptcy court should exercise its equitable powers and permit the complaint to proceed. To hold otherwise, we believe, would create an unjust result because parties are entitled to reply on information issued by bankruptcy courts.

7

*Id*. at 632. In reversing the bankruptcy court's refusal to exercise its equitable powers under § 105(a), the Sixth Circuit concluded that the record before it involved such circumstances. *Id*. at 633. In other words, the Sixth Circuit approved the use of equity to allow a court to correct the mistake of the clerk of the court that a litigant relied on in taking timely action. Such facts do not exist in the case before this Court.

Likewise, in *In re Maughan*, the Sixth Circuit determined that the bankruptcy court did not abuse its discretion in exercising its equitable powers under § 105(a) in applying the doctrine of equitable tolling to allow the plaintiff to proceed on its non-dischargeability of debt complaint filed three days after the bar date under Fed. R. Bankr. P. 4007(c). *In re Maughan*, 340 F.3d 337 (6th Cir. 2003). Its review of the record indicated that (1) the debtor failed to comply with court orders to produce relevant documents requested by the plaintiff; (2) the plaintiff acted diligently by trying to obtain the documents from the debtor; (3) the debtor's non-compliance with court orders contributed to the plaintiff's delay in filing a motion to extend the bar date under 4007(c) and to the timely filing of its complaint; and (4) the lack of prejudice to the debtor. *Id*. at 344. In finding no errors in the bankruptcy court's findings to conclude that it had abused its discretion, the Sixth Circuit explained that '[t]he bankruptcy court . . . us[ed] its equitable powers to ensure that the debtor was not permitted 'to frustrate the ability of a litigant to comply with applicable law by failing or neglecting to adhere to lawful orders of the Court.'" *Id*.

In this case, and unlike *Maughan*, the late filing of the Plaintiff's complaint is attributable to a lack of diligence compounded by a mistake made by counsel for the Plaintiff. These circumstances and any ramifications flowing from them, while unfortunate, were well within the control of Plaintiff's counsel and are constructively attributed to its client. *Holland v. Florida*, - - - U.S. - - -, 130 S.Ct. 2549, 2567 (2010) (explaining that "the principal rationale for disallowing equitable tolling based on ordinary attorney miscalculation is that the error of an attorney is constructively attributable to the client and thus is not a circumstance beyond the litigant's control").

Due to the Court's finding with regard to the Plaintiff's lack of diligence, it is unnecessary for the Court to consider the fourth factor – the absence of prejudice to the Defendant. This factor is to be considered "once a factor that might justify such tolling is identified, it is not an independent basis for invoking the doctrine." *Baldwin County Welcome*

8

*Center v. Brown*, 466 U.S. 147, 152, 104 S.Ct. 1723, 1726 (1984).

<u>Conclusion</u>

Accordingly, the circumstances in this case do not justify the use of the Court's equitable powers under 11 U.S.C. § 105(a) to toll the tardy filing of the Plaintiff's complaint. The Defendant's motion to dismiss is granted. Counsel for the Defendant is directed to prepare and submit an order consistent with this Opinion.

**Signed on April 13, 2011**

**/s/ Walter Shapero**
**Walter Shapero**
**United States Bankruptcy Judge**